Filed 1/26/21  P. v. Filkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091058 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 17CM02342, 19CF04894) |
| v. | |
| RONALD IRVING FILKINS II, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ronald Irving Filkins II filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

In Butte County Superior Court case No. 17CM02342, defendant was charged with forgery (Pen. Code, § 470, subd. (d) [count 1]) and possession of a controlled

1

substance (Health & Saf. Code, § 11377 [count 2]). Pursuant to a negotiated plea agreement, defendant pleaded no contest to count 2. The parties stipulated to a factual basis for the plea. In exchange for defendant's no contest plea, the remaining charge was dismissed. The trial court placed defendant on court probation for a term of three years.

Subsequently, defendant had an argument with his wife and shoved her to the ground, choked her, and hit her in the head with his fists. In Butte County Superior Court case No. 19CF04894, defendant was charged with corporal injury to a spouse (Pen. Code, § 273.5, subd. (a) [count 1]); assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4) [count 2]); and resisting an officer, a misdemeanor (Pen. Code, § 148, subd. (a)(1) [count 3]). Pursuant to a negotiated plea agreement, defendant pleaded guilty to count 1. In exchange for defendant's guilty plea, the remaining charges were dismissed. In light of this plea, the trial court also found that defendant violated his probation in case No. 17CM02342 and revoked probation.

Following a consolidated sentencing hearing on both cases, in case No. 19CF04894, the trial court ordered defendant to serve the upper term of four years in state prison. In case No. 17CM02342, the trial court terminated defendant's probation as unsuccessful and ordered him to serve a one-year sentence concurrently. The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (Pen. Code, § 1465.8), and a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (Pen. Code, § 1202.45). The court awarded custody credits in the amount of 145 days (73 actual and 72 conduct), and restitution was reserved regarding the victim.

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


                                    _____/s/_____
                                    RAYE, P. J.



We concur:



_____/s/_____
ROBIE, J.



_____/s/_____
MURRAY, J.

3